FILED
MAR 04 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Magistrate Case No. 08MJ8163 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | FINDINGS OF FACT AND ORDER OF DETENTION |
| Jehonany Alexander VALDEZ-Serrano, | ) | |
| Defendant. | ) | |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on February 25, 2008, to determine whether defendant Jehonany Alexander VALDEZ-Serrano should be held in custody pending trial on the grounds that he is a flight risk. Assistant U. S. Attorney John F. Weis appeared on behalf of the United States. Diane Regan, of Federal Defenders of San Diego, Inc., appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services Officer, and the criminal complaint issued against the Defendant on February 25, 2008, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant required.

///
///
///
///

I

FINDINGS OF FACT

A. Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)

1. The Defendant is charged in Criminal Complaint No. 08MJ8163 with the importation of 20.92 kilograms (46.02 pounds) of cocaine in violation of 21 U.S.C. § 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C.§ 801 et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. See 18 U.S.C. § 3142(e).

3. The offense carries with it a minimum mandatory 10 year sentence and a maximum life sentence. See 21 U.S.C. § 960(b)(1)(B). According to the United States Sentencing Guidelines, the Base Offense level is 34. See USSG § 2D1.1(3). Assuming the Defendant's criminal history score places him in Criminal History Category I, See USSG § 4A1.1, the sentencing range for the Defendant is 151-188 months in prison.

B. Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):

1. On February 23, 2008, Defendant was the driver, registered owner and sole occupant of a 2006 Mitsubishi Endeavor, as he entered the United States from Mexico, at the Calexico, California, West Port of Entry. The Defendant and the vehicle were referred to the vehicle secondary area for further inspection. A Narcotic Detector Dog alerted to the dashboard area of the vehicle. A subsequent search of the vehicle resulted in the discovery of 20.92 kilograms (46.02 pounds) of cocaine concealed within the dashboard area of the vehicle.

1. History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3):

1. The Defendant is a citizen of Mexico.
2. The Defendant resides in Culiacan, Sinaloa, Mexico.
3. The Defendant has family residing in Mexico and the Unites States.
4. The Defendant is currently unemployed.

5. The Defendant has no legal right to remain or work in the United States, as he only possesses a Border Crossing Card.

D. Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4):

1. The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community.

II

REASONS FOR DETENTION

A. There is probable cause to believe that the Defendant committed the offense charged in the Criminal Complaint Number 08MJ8163, to wit: the importation of 20.92 kilograms (46.02 pounds) of cocaine in violation of 21 U.S.C. § 952 and 960.

B. The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. He therefore has a strong motive to flee.

C. The Defendant has not rebutted the presumption, based upon the Court's findings that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

III

ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

///

///

///

///

1  While in custody, upon order of a court of the United States or upon the request of an attorney
2  for the United States, the person in charge of the correctional facility shall deliver the Defendant to the
3  United States Marshal for the purpose of an appearance in connection with a court proceeding or any
4  other appearance stipulated to by defense and government counsel.

5  THIS ORDER IS ENTERED WITHOUT PREJUDICE.

6  IT IS SO ORDERED.

7  DATED: 3-4-08

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

12  Prepared by:

13  KAREN P. HEWITT
    United States Attorney

16  JOHN F. WEIS
17  Assistant U. S. Attorney

18  cc:  Diane Regan
         Federal Defenders of San Diego, Inc.

4